This is Cumoy-Hernandez, Justice of the Department of Defense, 2008-3270. Mr. Dagan, you may begin. Good morning, jurists. Basically, the point here is evidential. As we all know, there was a negotiated settlement agreement I was into in resolving the initial appeal that had been decided on to be a reprimand. Then, obviously, there was a petition to enforce, which then the agency responded. The question that we have here is, did it comply, basically, with the requirements that everybody knows, that is, either is there substantial evidence to comply with the law or any regulations? And secondly, did it comply with basically the regulation that applies, which is 5 CFR sections, total 1.18381. It is our position that basically what we are doing, again, the whole record is basically is there evidence that supports the fact that there was compliance, which is a threshold issue. Did the agency here, the Department of Defense, comply with the negotiated settlement agreement I was entered into with the petition in reference to? Well, you have a young declaration where they go back and they check the whole time he wasn't on the PPP, and they find out he wouldn't have gotten a job anywhere. Why doesn't that kind of cover any defect there might be? Well, the problem with that is that in her statement, she is relying on other individuals, like she says, basically that based on information that was provided to her. The law, though, finds that that's good enough, right? Right. That's it. And then the question How do we challenge that finding may be my more specific question. Well, the way you challenge it is, one, does it comply with the substantial evidence requirement? Is that substantial evidence, which is basically my whole point is, by somebody coming in and submitting Wait a minute. The point here is I understand what the government affidavit is addressing. It says that there wasn't any position in the one-year period running from the date of discharge to one year later, to the June date one year later. It doesn't address the availability of positions from June to February, which is the period you say that he should have the extension for. Am I not correct about that? No, no. We're not saying that. We're saying that even from June 30th of 2006, which it went effective up to the point, like you're saying, to February 20th of 2007, when he was reinstated, they said that they looked during that time period and they couldn't find I thought the affidavit didn't cover up to the February date. I thought it covered only the original one-year period. No, I think it says that it goes up to It says here under four Where were you looking? Under declaration, if you look at my tab, number 11 of my appendix, tab number 11 of the declaration, page 69. She states under four basically that requested the Department of Defense to review our own personal vacancies that occurred from the time period beginning June 30th, 2006, which is the date of Appellant Riff separation until February 20th, 2007, the date of Appellant's actual entry into the DOT. That's consistent with DOD instruction 1400, right? Right. But what you want is one year from the date of the last signature on the agreement. Well, that is what was asked in But what Judge Rager has pointed out is that in effect, you did get one year. Right, and I'm not, I didn't handle the administrative, somebody else did, and in my appeal, I didn't bring out that he's entitled to one year or even the continued separate pay because I agree with the government, that's why he mentions, because I didn't raise it, I agree to that. What I am saying, basically, is just two things, that they did not submit evidence, substantial evidence to show that they complied in those vacancies. Okay, let's look at that time period. What evidence did they submit? What documentation did they submit to say, okay, here are the vacancies that were available, all of which you are not qualified for doing. That's our position. Somebody can come in and say, this is what we consider Your declaration was inadequate, defective. Well, I'm... In detail. No, I'm not saying defective, what I'm saying is, is that enough to comply with the requirement, is that substantial evidence? Somebody can come in and say it was. Well, the board found that it was saying that they believe what was said in here, but what I'm saying is within the own declaration, the clerk, Mrs. Young, even says that based upon information given to her. Well, what information? What about if that information is wrong that was given to her? We don't know that. And then also she says that they were able to reconstruct his eligibility, which is on paragraph C of her statement. Okay, who reconstructed it? And how was it reconstructed? And what did they consider? Then she makes another general statement about that. It says all appropriate considerations for the job placement were told once we did consideration. Okay, what is appropriate consideration? There are a lot of questions, very general statements, that even the regulation says that you must submit if you have any kind of documentation to support that, just like anybody that's testifying and says, I reviewed all the vacancies to determine. The next question is, what vacancies did you consider? I would consider A, B, C, and D. I'm confused. You've got to help me. Yes, Your Honor. The date of the settlement agreement is February 10, 2007, correct? Yes, the first edition was February 10, 2007. Yes, Your Honor. And so what is your claim? That he should have been put on for one year from the date of the settlement agreement, right? Well, he was, according to the draft agreement. No, no, no, no. Mike, Mike. I just can't. Yes, sir. Yes, sir. Okay? Yes, sir. The date of the agreement is February 10, 2007. Yes, sir. His claim is that he should have been put on the employee placement program for one year following the date, or one year plus a week, right? Right. Right? So in his view, your view, is that he should have been placed on until sometime in February 2008, right? That's what the petition says, Your Honor. Okay. So does the government affidavit address that 2007 to 2008 period? Yes. In there it mentioned that based on the regulation that it could only be there for 12 months from the date of the agreement. I understand, but I'm trying to address the issue that Judge Rader was talking about. The government has, maybe I'm mistaken, but I didn't understand that the government affidavit talked about the availability of positions during that one-year period that you're claiming he should be in the priority placement program. It does not. You're correct. It's not stated. So the government affidavit doesn't help. No. The issue before us is whether under this agreement he was entitled to a one-year period from February 2007 to February 2008, correct? Correct. Right? Correct. And that depends on the interpretation of the language of the agreement. That's correct. There's no claim here by the government that there weren't any positions available during that period. No, there is not. No. No, Your Honor. That is correct. It only addressed that it ends, in fact, on February the 20th of 2007. There is no affidavit, anything beyond that point, really July 2nd of 2007. But the issue is whether he was entitled to be on for the one-year period beginning in February 2007. That's the issue before us. That is an issue before you, yes, Your Honor. And that's a question of who's true in the agreement. That is correct, Your Honor. And the affidavit, correct, does not mention anything about they even considered any vacancy during that time period. It is void of any of that. It is the only vacancy that was considered from June 30th, 2006 up through February 20th of 2007. And that was basically the case. That's because the regulation deals with one year from date of separation. That is correct. It's a question of which prevails, the agreement or the regulation. That is correct. The government is, in effect, arguing for the regulation. That is correct. And the reason we think it should be extended to 2008 is because prior to June 30th … That would, in effect, give you two years. Well, the interim, what happened is he got reprimanded, and he got removed based on the reprimand that took effect basically on June 30th of 2006, the same day that the separation was going to take effect. Because he was given, basically, on June 12th of 2006, he was given a notice of proposed reprimand by a supervisor. On June 15th of 2006, he was given an email telling him that he was going to be removed from the PPP program because of the unsatisfactory performance. And on June 30th of 2006 … It was basically MSPB, and they settled the appeal. Right. The question is whether, in the settlement of the appeal, they can agree to put him on the priority placement program for an additional period, or whether they don't have the authority to do that under the regulation. What a good question. We have two questions here. One is, did the government agree to put him on for the one-year period from February 2007 to 2008? And the second question is, if they did agree, was that beyond their authority, because the regulation only provides for a one-year period? Right. The first one is, yes, they agreed to it. It specifically states that the petitioner states right here, will be placed on the PPP effective 2020, that it will be for one year from the last signature, is basically what the agreement says, is that the respondent will be given … So then we put it back. Basically, the last signature is February 17th of 2007, which would then be February 17th of 2008. That's the agreement. The question then raised is, the provision does say, as Justin here says, that it provides that anybody that is removed under a RIF, under their policies, can be there up to 12 months or one year. But then the question is here, we have an agreement, and I was entered in good faith between the parties, that said that during this time period that we negotiated that you've been out, you were out not because of the separation from the RIF, but you were out because you were removed because of the reprimand. And we resolved that, and to get that MSPB taken care of, we've gone ahead and entered into an agreement, and we have agreed now that we're going to put you back. And then the affidavit doesn't address anything after February of 2007, which is what we're saying is that there is no evidence that supports any determination as to whether or not they even complied with the agreement, which, by the way, they drafted. They drafted the agreement. My client didn't. And they're the ones that put in basically the statutory requirements as well as what they were going to be doing. And it is our position that the evidence submitted, and the only evidence that was submitted in response to the petition for enforcement that was filed is this declaration. Nothing else was ever submitted, no documentation, not even any type of paperwork from any department to say these were vacancies that were available and he did not qualify, or they didn't bring a declaration from anybody from the DOD care division, which is what she relied upon to ask them to review whether there were any vacancies. There's no affidavit, no statement from the person in charge of that department to say I, based on the instructions, reviewed all of the applications, throughout all the installations, and I didn't find any to which the petitioner, based on his qualifications, qualified for in any way. It just hurts to say this is what was done. So what remedy are you asking for? What I'm asking for is that the court reverse the decision to say there was no substantial evidence to declare violations. It's not a new one-year period? No, to send it back and say, okay, now, submit the documentation that is either support or maybe there is a lack thereof to show whether they comply. We're not asking for another year. We're just saying that within the time period that was agreed to, submit the documentation that you are inherently referring to, that you said you reviewed, to support your decision. So if there was a position during that one-year period that he qualified for your position, he should have gotten that position. Exactly. Based on the PPP program, because he would qualify under the PPP program that states basically that the individual would be given, it's an automatic referral program to make him eligible for any opportunities within Indian federal slavery. You want them to redo the Young Declaration? Well, not so much redo it, but submit documentation of where the supports are finding. If the document is fine, you just don't think it's full enough. You want more detail. Well, more detail in any document. It's a long period of time. Exactly. The period of time that's at issue here, right? That, and then also there is no documentation. What vacancies are they talking about? We have a 21-year-plus individual that is a Marine war veteran, had been there for 21 years, based on even the notice of recommendation or a supervisor said that they found no problems with him. There were no other prior recommendations. So here we have a very good employee that had been there for 21 years. So we're saying that it's kind of hard to see that there wasn't one vacancy out there that he could have complied with based on his experience, his certifications, everything that he would have. And it is basically we feel that by sending it back and giving the board, okay, this is what we now have the document. You need to do is make it more detailed, increase it to June, February, 2008, and submit the documentation as to what vacancies, what positions were considered and were probably available up through 2008, didn't qualify or didn't qualify. If he didn't qualify, then obviously we feel. I think we understand your position. We're mostly into your vital time. You probably want to say something. Yes, I do. And we'll hear from Mr. Quinn. Thank you, Your Honor. May it please the court. Counsel. So what's the matter with the government agreeing to put somebody in the priority placement program for an additional year? Are you saying that the government can't do that as part of the settlement agreement? I'm saying, Your Honor, that the government could have agreed to actually place Mr. Hernandez in the program for a year following the settlement agreement. They could have done that. So there's no contention. There's a lack of authority to do that. To agree in the settlement agreement? No, Your Honor. We do not contend that. However, we do agree, our position is that this settlement agreement did not do that. Okay, so the sole question, of course, is how to interpret the settlement agreement as to whether it provided an additional year, right? Well, Your Honor, that was our understanding of what the question was, I think, as framed in our brief. We thought that was the issue. This morning, the issue seems to be one of evidence to support Ms. Young's declaration. I don't think so. Ms. Young's declaration doesn't cover the period that's in contention, right? Well, it does, Your Honor. It does? It does. Show me where it covers the period from February 2007 to February 2008. We looked, Your Honor, at the second page of her declaration. Could you give me a page? Sure. A14, the hour appended. So the agreement itself, I'm sorry, the declaration's page 13 and 14. So, of course, back on page 13, as counsel correctly stated, there is the recitation that Mr. Hernandez was placed in the program immediately following the settlement agreement. Then if we look at paragraph C, 4C, which is on page 14, the agency did reconsider the appellant for registration in the PPP for one year beginning on February 20, 2007. So, again, it did look at him for that year following the settlement agreement. But as a result, that re-lawyer made a decision on reconsideration that he would not be placed in the program for that year. That's not the same thing as saying there weren't any positions available. She didn't address that, right? She did not, Your Honor. So the sole issue is should we construe this agreement as covering giving him an additional year in the pirated placement program, right? We agree that's at least the first major issue. Tell me what the other issue is. Well, the other issue is assuming that we are correct that the agreement only promised him reconsideration. The issue is, as counsel stated, does Ms. Young's declaration have an evidence? I don't think it's a testament. He's saying there was a right to be included for an additional year. And the question is is the agreement given that right or doesn't it give him that right?  I can, I think, agree with your statement. We think the language of this agreement and the expressed terms control here. The appellant will be reconsidered for placement in the PPP for a one-year period of time beginning seven counter days after the agreement. And that's susceptible to an interpretation that he would be placed in the program for an additional year. The dictionary definition of reconsider has two different definitions. One is he'll think about it and the other one is he'll do it. Well, respectfully, Your Honor, we would disagree with that, that there are two definitions. We believe that it says the language will be reconsidered for placement. It's that phrase there, reconsidered for placement. The agency did not agree that he would be placed in the program. We don't think this is a meaningless parsing of words. We think that the agency has to... The dictionaries define one definition of reconsider is to alter, to change. Right? When we reconsider a decision, it doesn't usually mean we think about it again. It means we change the result. Well, in your honor, I think we disagree with that definition. We think that reconsideration, whether a court is doing it or whether the Department of Defense is doing it, means to give a further look, one more look at an issue. So all he got out of this was that he'd think about putting him in the prior placement program. And is that a reasonable construction of this agreement? We think, your honor... Does it? Well, your honor, it did give him something, obviously in this case. It gave him the Young Declaration. They went back and they reconsidered. They use the same language in the Young Declaration, don't they? They do, your honor. And again, he was reconsidered and there's no evidence that the agency was acting in bad faith or trying to avoid its alteration. But you were citing 4C in the declaration which says, such reconsideration did not result in an extended declaration of registration in the program past June 07. But one year from February 07 would be February 08. The declaration doesn't go beyond June 07. So it doesn't support the compliance with the agreement. Well, your honor, 4C states the agency did reconsider Mr. Hernandez's registration for a one-year period beginning February 20, 2007. We think that includes the year February 07. But finish the sentence. But finish the sentence. There's a but. Did not result in an extended registration past June 07. Correct. Isn't that what the agreement provided? That Mr. Hernandez would be reconsidered for a period of one year after the last signature of this agreement, which is February 07 and February 08. The agreement obligated the agency to essentially get Mr. Hernandez reconsidered for that one-year period, February 07 and February 08. As a result of that, he was reconsidered, as stated in the Jones declaration. He didn't get the full year that he wanted. So what you're saying is he agreed that he'd get the additional year if the government wanted to give it to him? If the government, I think in good faith, applying its regulations, decided he was entitled to it. Well, when the regulation was clear, he wasn't entitled to the regulation. So that means he agreed to get nothing. We disagree with that. What did he get out of this agreement? He didn't get the additional year, you say. All he got was that somebody would, if they wanted to, give him an additional year if it was consistent with the regulation, which it wasn't. Well, Your Honor, first of all, what did he get? He got one year in the program, essentially. He got the essence of his bargaining. Not as a result of the agreement you made. Well, Your Honor, the look-back for seven months plus the five months of actual enrollment gets him a year of enrollment. But what did he get for the additional year? The focus in this agreement on if he gets something for an additional year, what is it, under your view, that he gets for the additional year? He gets reconsidered replacements in the program for that year. What does that mean, according to you? It means that the agency will sit down and, using its regulations, decide whether or not to enroll him or not. So under the regulations, he's not entitled to the additional year, so he agreed that he didn't get anything. No. Your Honor, we do not agree with the regulations bound in the Department of Defense in the way that your question suggests. In fact, if the regulation does allow for exceptions to policy that could have been staffed up, the agency sought to do that. But the agency, we think, reasonably determined that if they could look back and figure out what if Mr. Hans had been in this program from the date of separation, they can determine that he was not prejudiced and then put him in for actual five months, that there was no need to send a request for exception to policy. He just wanted to do it. They decided in their discretion... What you're reading in the screen, you drop his appeal if you give him what you want. That's basically what your position is, isn't it? No, Your Honor, we think that... Again, why is my statement inaccurate? Because, Your Honor, what he agreed to was to be reconsidered. I understand that... No, but I'm asking you what you agreed to give him. What you're saying is we agreed to give him something if we wanted to give it to him. But that's all we agreed to, right? Correct, Your Honor. And the government often agrees to reconsider a person for a position, or reconsider a particular action as a part of settlement agreements. This is not that particularly uncommon. But the government did not promise him actual placement. He did get the Young Declaration, right? Yes, Your Honor, he did get the Young Declaration, but again, he also obtained the five months of actual enrollment plus the reload... But that was before the one-year period that was covered by the agreement. None of that... He got nothing for the one-year period after the agreement, right? No, Your Honor. Four or five months of the one-year period. He got... Because that was part of the original one-year period. So he didn't get anything for the additional seven months of the agreement. That's, I think, the narrow period of time that, at least we were under the impression that was the issue of interpretation here. But that's a violation of the agreement, isn't it? No, Your Honor, we don't agree. There is a reconsideration decision here. It is not the decision, the outcome, that Mr. Hernandez hoped for, but there is a reconsideration decision here. And we think that was enough to... That is enough evidence to justify the Administrative Judge's conclusion that there was compliance with the agreement. But again, I don't want to get up too high on the government's horse here. To the extent that there was some type of technical noncompliance, we've argued in our brief, we think that this really goes to the middle of the tunnel. Whether you have some type of material breach of the agreement, we think what the agency did in this case to look back and essentially give him his year... If the court would look at his original MSPP appeal, that is his problem. He says, I was denied immediate Priority 1 registration in the program. That's what he was appealing. Because the reprimand disqualified him from the PPP, he wanted his year. So what the agency did was they gave him... If the agreement gave him an additional year, how can the failure to give him the additional year not be material? Because, Your Honor, he still got a year of enrollment in the PPP. And that is what we... He bargained for something else. No, Your Honor, he bargained for a year. Assuming that he bargained for something else and got an additional year, the failure to give him the additional year has to be material. Your Honor, if he bargained for actual placement... If he had bargained for actual placement... You're making an alternative argument here. You're saying even if he got the additional year, the failure to give him the additional year is not material. How can that be? Because he got five months of actual enrollment plus seven months of consideration in the back. Seven months of nothing. Well, Your Honor, again, if there had been an opening during that period of time, it would have been something. Again, that was his major complaint. Is the agreement inconsistent with the regulation? Because each one talks about a one-year period from a different study. Are they inconsistent? No, Your Honor. Again, we think that the agency could have agreed. The DOD instruction is not an absolute limitation. Nor is the local... Well, it's not local. It's the State Personal Management Service interpretation. No one's charged with implementing the program. It talks about generally a displaced employee is going to be eligible for enrollment from one year from separation. And there are exceptions. There are procedures, and therefore exceptions to policy. So we don't believe there's any inconsistency. And we agree. Our position, again, is that if there is no inconsistency, that the agency gave him a fair shot and gave him what they considered, in their judgment, acting in good faith, was his year of enrollment in the program. And we think under these circumstances that there was no material breach of the settlement agreement. We would also, in closing, if the Court disagrees... Is this argument made by a man that's a disagreeer, that he didn't get his full year? I kind of read it as an attack on the Young Declaration rather than a time breach. In fairness, Your Honor, we believe he has made the argument. We believe that... It is somewhat behind the primary argument, which is evidence on the young, but we think it is in there. I believe it's on page 10 or 12, somewhere well into the breach. So we're not making that argument, as it may seem. And we would just urge you in conclusion that should the Court find that there has been a material noncompliance of the proper remedy in this case, it's to return it, to return the case to the Board for a determination of remedy. Typically, in cases where an agency breaches a settlement agreement, the proper remedy is to rescind the agreement and reinstate the appeal for adjudication before the Board. Obviously, Mr. Hernandez's counsel is not saying otherwise, and we think that would be... You mean if we found there's a breach, we rescind the agreement? No, Your Honor. We think that the proper remedy is to return the case to the Board to determine whether or not that is the proper way to go. Rescinding, reinstating, it may not be... Usually, you're entitled to enforce the agreement if you didn't breach it yourself.  The intention is that he breached the agreement, right? No, Your Honor. So why is he not enforcing it? Well, enforcing the agreement would mean looking at his enrollment for a period of time that's already passed. We don't know what that... Well, first of all, we don't know if Petitioner even is interested in that. Should we do another look-back for the period of time that he didn't get, i.e., July 2007 through February 2008, or would Petitioner insist upon, no, I want to be enrolled right now for those seven months? So there's at least two different ways to go there, and we think the Board is the best forum to figure out whether that should happen or whether his appeal should simply be reinstated on the reprimand and the riff back in the first place. That's why we think that's the most appropriate remedy. Good night, Mr. Schmidt. Mr. Flint has his little rebuttal time. Very quickly, I just want to point out that as far as the agreement, the fact is that Mr. Hernandez was considered to be reinstated because if you look at the appendix of the respondent on page 48, which is the email, the email specifically states that he's being removed from the PPP program, which is he was on the PPP program during the time period. So when he was renegotiated, when he said to reconsider, obviously the impression is that he was going to be put back on the PPP program, which, again, on the program, it's something that is mandatory for them. For the agency to take the position that reconsider means that we just reconsidered and nothing happened, to me, it's not one reasonable consideration because, again, like Jana said, he negotiated for nothing. It basically was misrepresentation here by the agency. We're going to give you anything that we want and we don't give anything tough that you basically agreed to that. He gave up his appeal for this one year to be reconsidered, to be put back on the program because he felt based on him that he'd be able to get it. That's all I have. I apologize. But basically he left the position. Thank you very much.